IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARRYL HASLETT,

    Plaintiff,

v.

JOHN DOE #1, JOHN DOE #2, and
JANE DOE #1,

    Defendants.

Case No. 24-cv-1403-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Darryl Haslett, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pontiac Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Robinson Correctional Center. In the Complaint, Haslett alleges Defendant John Doe #1 was deliberately indifferent to the conditions of the cellhouse floors. He also alleges John Doe #2 and Jane Doe #1 were deliberately indifferent to Haslett's medical needs after slipping on the cellhouse floor. He asserts claims against the defendants under the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

Haslett makes the following allegations: On July 4, 2022, while incarcerated at Robinson Correctional Center, the air conditioner in Haslett's cellhouse stopped working, causing the floors in the unit to be wet and slippery (Doc. 1, p. 4). Other inmates informed the Third Shift Correctional Officer ("John Doe #1") about the conditions of the floor, but the officer refused to clean the floor or have the inmate porters dry the floor (*Id.* at pp. 4, 13-14).

At approximately 2:00 a.m., Haslett went to use the restroom and slipped on the wet floor, falling and hitting his head and lower back (*Id.* at p. 4). He was carried to the healthcare unit on a stretcher (*Id.*). At the healthcare unit he spoke with a male nurse ("John Doe #2"). John Doe #2 made Haslett sit on a hard bench despite Haslett complaining of severe back pain (*Id.* at p. 5). Despite his complaints of pain, John Doe #2 and Jane Doe #1 Nurse informed Haslett that he would be sent back to his unit. Haslett continued to complain and informed John Doe #2 and Jane Doe #1 that he could not walk. Jane Doe #1 finally allowed him to stay in the healthcare unit and walked him back to a room in the unit until he could be seen by a doctor. Haslett continued to have severe pain until the next morning. John Doe #2 and Jane Doe #1 failed to provide him with any additional care (*Id.*).

The next morning, Jane Doe #1 informed Haslett that he could see the doctor, but she refused to assist him in walking to the front of the healthcare unit for the examination (*Id.* at p. 6). Another nurse gave him some crutches, and he was examined by the doctor. The doctor ordered x-rays, which revealed no injuries (*Id.*). The doctor sent Haslett back to his cell with a three-day lay-in, muscle relaxers, and ibuprofen (*Id.*).

## Discussion

Based on the allegations in the Complaint, the Court designates the following counts:

**Count 1:** Eighth Amendment conditions of confinement claim against John Doe #1 for his refusal to remedy the wet floor in the cellhouse, causing Haslett to slip and injure himself.

**Count 2:** Eighth Amendment deliberate indifference claim against John Doe #2 and Jane Doe #1 for their failure to provide Haslett with proper care after his slip and fall.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, Haslett states a viable claim against John Doe #1 in Count 1 regarding the conditions of his cellhouse because he adequately alleges that the John Doe Officer was aware of the wet and slippery floor and refused to ensure the floor was dried before his fall. Haslett also states a claim in Count 2 against John Doe #2 and Jane Doe #1, the nurses who saw Haslett immediately after his injury and refused to provide him with care.

To help identify the unknown defendants, the Court **ADDS** the current warden of Robinson Correctional Center, **Chad Jennings**, in his official capacity only, for purposes of responding to discovery aimed at identifying the unknown defendants.

## Disposition

For the reasons stated above, Count 1 shall proceed against John Doe #1 Correctional Officer. Count 2 shall proceed against John Doe #2 Nurse and Jane Doe #1 Nurse. To help identify the unknown defendants, the Court **ADDS** current warden Chad Jennings, in his official capacity only.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

The Clerk of Court shall prepare for Defendant Chad Jennings (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Haslett. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Haslett, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**. Because Chad Jennings is in the case only to help identify the unknown defendants, he does not need to file an Answer. Once counsel has entered their appearance on Jennings's behalf, the Court will enter a scheduling order regarding John Doe discovery. Because Haslett's claims involve medical care, the Clerk of Court is **DIRECTED** to enter the Court's standard qualified HIPAA protective order.

If judgment is rendered against Haslett, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Haslett is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 3, 2024**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**